IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JENNIFER A. KOMLO,** | : | |
| **Plaintiff** | : | |
| | : | **CIVIL ACTION NO.:** |
| v. | : | |
| | : | **2:15-CV-2127-CDJ** |
| **UNITED STATES,** | : | |
| | : | |
| **Defendant** | : | |

### MEMORANDUM

**C. Darnell Jones, II**                                                                                          **July 13, 2015**

Pending before the Court are Plaintiff's Motion for a Temporary Restraining Order and Motion for Preliminary Injunction, (Doc. No. 4), requesting an order enjoining the Internal Revenue Service from levying on her income and property. Defendant opposes the motions on the ground that this Court lacks subject matter jurisdiction to entertain a wrongful levy claim. After reviewing the parties' filings and the transcript of the June 26, 2015, hearing on this issue, Plaintiff's Motion for Temporary Restraining Order and Motion for Preliminary Injunction will be **DENIED** and her wrongful levy claim will be **DISMISSED** for lack of subject matter jurisdiction.

### BACKGROUND

Because the Court writes primarily for the benefit of the parties, only the essential facts are recounted here. In determining whether there is subject matter jurisdiction to hear a case, the "[C]ourt may look beyond the allegations in the pleadings." *Interdigital Tech. Corp. v. OKI America, Inc.*, 845 F.Supp. 276, 288 (E.D. Pa. 1994) (citing *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Plaintiff and William Jeffrey Komlo, husband and wife, were found to be deficient with regard to their federal income

taxes for the years 1993, 1994, 1995, 1997, and 1998. On April 16, 2003, a Tax Court ruled that Plaintiff was jointly and severally liable for a total of $38,208.00[1] of those taxes, solely for the 1998 tax year. Plaintiff was adjudicated to be an innocent spouse for the 1993, 1994, 1995, and 1997 tax years. On April 20, 2005, The Komlos sold property they owned in Florida for approximately $665,751.01. Plaintiff claims the IRS received all of the proceeds of the house. In addition to the 1998 tax deficiency, Plaintiff was assessed in 2011 for the 2008 tax year, and she self-assessed in 2011 for the 2010 tax year. Since that date, Defendant IRS has levied against Plaintiff's income in the amount of $133,223.93[2] to compensate the IRS for the aforementioned tax deficiencies.

## DISCUSSION

When a party challenges the Court's subject matter jurisdiction, "the plaintiff [has] the burden of proof that jurisdiction does in fact exist." *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). The Court begins with the presumption that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *U.S. v. Mitchell*, 445 U.S. 535, 538 (1980) (internal quotations and citation omitted). "A waiver of sovereign immunity cannot be implied but must be unequivocally expressed," *Id.* (internal quotations and citation omitted), and such a waiver must be "narrowly construed." *U.S. v. Nordic Vill. Inc.*, 503 U.S. 30, 34 (1992). The decision to enjoin the government from collecting taxes is not one that should be taken lightly as tax collection is

---

[1] Not including penalties.
[2] According to the IRS as of the date of the hearing on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction.

a fundamental "incident of sovereignty."[3] *Graves v. Schmidlapp*, 315 U.S. 657, 660 (1942) (citing *McCulloch v. Maryland*, 17 U.S. 316 (1819)). With these principles in mind, the Court will dismiss Plaintiff's wrongful levy claim for lack of subject matter jurisdiction.

In this case, the Court begins not only with the default concept of sovereign immunity but also a statute that explicitly prohibits lawsuits to enjoin the collection of taxes. The Tax Anti-Injunction Act provides:

> Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421(a) (2000).

In turn, Plaintiff relies on 26 U.S.C. § 7426 in arguing that the government has waived its sovereign immunity for cases like the one at bar. That statute, entitled "Civil Actions by Persons Other Than Taxpayers," provides:

> If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary.

26 U.S.C. § 7426 (1998).

---

[3] To that end, the Supreme Court has said:

> The manifest purpose of [§] 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputes sums be determined in a suit for refund. In this manner the United States is assured of prompt collection of its lawful revenue.

*Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 7 (1962) (footnote omitted).

The precise question for the Court, therefore, is whether Plaintiff is a person "other than the person against whom is assessed the tax out of which such levy arose." If that question is answered in the affirmative, then the government has waived its sovereign immunity in this case. If it is answered in the negative, the Court must dismiss for lack of subject matter jurisdiction.

There has been considerable confusion over the term "assessed" in the short pendency of this matter. At a hearing, the Court asked the parties to define the term. The government indicated that it was not defined in the statute but that it had a broad and inclusive definition. Plaintiff in turn argued that the Tax Court's order was the assessment. Despite the uncertainty over "assessed," it is not disputed that Plaintiff was assessed for the 1998, 2008, and 2010 tax years. Instead, Plaintiff insists that the government has already collected for those assessments by virtue of the sale of the Florida property.[4] Put simply, Plaintiff is an assessed party who is challenging the accuracy of that assessment, something that § 7426 does not allow her to do in this forum. *Shannon v. U.S.*, 521 F.2d 56 (9th Cir. 1975) (one who is assessed, even if disagreement about accuracy of assessment, cannot challenge tax levy under § 7426); *Buser v. U.S.*, 85 Fed. Cl. 248 (2009) (same); *EC Term of Years Trust v. U.S.*, 55 U.S. 429, 434-35 (2007) ("Congress specifically tailored § 7426(a)(1) to third-party claims of wrongful levy . . . "). Therefore, this Court does not have jurisdiction to entertain Plaintiff's wrongful levy claim under § 7426(a)'s exception to § 7421.

---

[4] Although it is not relevant here for the purposes of Plaintiff's Motion for a Temporary Restraining Order and Motion for Preliminary Injunction, Plaintiff also argues that the IRS owes her a refund for the excess sales proceeds of the property to the extent there were excess proceeds.

## **CONCLUSION**

In light of the foregoing, this Court lacks jurisdiction under 26 U.S.C. § 7426 to entertain Plaintiff's wrongful levy claim. It is therefore **ORDERED** that Plaintiff's Motions for a Temporary Restraining Order and a Preliminary Injunction are **DENIED**, and Plaintiff's wrongful levy claim is **DISMISSED**.


                                    **BY THE COURT:**

                                    **/s/ C. Darnell Jones, II   J.**
                                    **C. DARNELL JONES, II   J.**