IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JENNIFER A. KOMLO,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **CIVIL ACTION NO.:** |
| v. | : | |
| | : | **2:15-CV-2127-CDJ** |
| **UNITED STATES,** | : | |
| | : | |
| **Defendant** | : | |

**MEMORANDUM**

C. Darnell Jones, II                                                                                        July 23, 2015

    Pending before the Court is Defendant's motion to dismiss, (Doc. No. 12), in which it moves for dismissal of Plaintiff's refund claim on the ground that this Court lacks subject matter jurisdiction. Defendant also moves for dismissal of Plaintiff's wrongful disclosure claim for failure to state a claim for which relief can be granted. Plaintiff opposes the motion to dismiss, arguing primarily that she has already paid the full amount of any and all IRS assessments. After reviewing the parties' briefing and the transcript of the June 26, 2015, hearing, Defendant's motion to dismiss, (Doc. No. 12), will be **GRANTED**, and the above-captioned matter will be **DISMISSED**.

**BACKGROUND**

    Because the Court writes primarily for the benefit of the parties, only the essential facts are recounted here. Plaintiff and William Jeffrey Komlo, wife and husband, were found to be deficient with regard to their federal income taxes for the years 1993, 1994, 1995, 1997, and 1998. On April 16, 2003, a Tax Court ruled that Plaintiff was jointly and severally

liable for a total of $38,208.00,[1] solely for the 1998 tax year. Plaintiff was adjudicated to be an innocent spouse for the 1993, 1994, 1995, and 1997 tax years. On April 20, 2005, The Komlos sold property they owned in Florida for approximately $665,751.01. Plaintiff claims the IRS received all of the proceeds of the house. In addition to the 1998 tax deficiency, Plaintiff was assessed in 2011 for the 2008 tax year, and she self-assessed in 2011 for the 2010 tax year. Since that date, the Government has levied against Plaintiff's income in the amount of $133,223.93,[2] the total of all outstanding assessments at issue here.

## STANDARD OF REVIEW

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation and citation omitted). After the Supreme Court's decision in *Bell Atl. Corp. v. Twombly*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

---

[1] Not including penalties

[2] The total as represented to the Court by the Government as of the date of the hearing on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction

When a party challenges a federal court's subject matter jurisdiction, "the plaintiff [has] the burden of proof that jurisdiction does in fact exist." *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In lawsuits against the United States, the Court begins with the presumption that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *U.S. v. Mitchell*, 445 U.S. 535, 538 (1980) (internal quotations and citation omitted). "A waiver of sovereign immunity cannot be implied but must be unequivocally expressed," *Id.* (internal quotations and citation omitted), and such a waiver must be "narrowly construed." *U.S. v. Nordic Vill. Inc.*, 503 U.S. 30, 34 (1992).

## DISCUSSION

### A.  The Court Does Not Have Jurisdiction to Entertain Plaintiff's Refund Claim

Plaintiff brings her refund claim pursuant to 28 U.S.C. § 1346, which provides:

> The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of . . . [a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws . . .

For a federal district court to exercise jurisdiction over a tax refund claim under § 1346, the taxpayer must have paid the assessment in full.[3] *Koss v. U.S.*, 69 F.3d 705, 708 (3d Cir. 1995) (quoting *Flora v. U.S.*, 362 U.S. 145, 177 (1960)).

Here, the IRS continues to engage in collection activities against Ms. Komlo. Plaintiff argues that she has already paid – via the IRS's receipt of the sale proceeds of her Florida

---

[3] The correct forum to contest an unpaid assessment is the United States Tax Court. *DiNatale v. U.S.*, 12 Cl. Ct. 72, 74 (1987).

3

property – the amount of taxes she owed for the tax years in question. However, it is apparent from the complaint and Plaintiff's representations to the Court that the assessments against Ms. Komlo have yet to be paid in full, notwithstanding the Tax Court's Order setting the amount of taxes owed by Plaintiff for the 1998 tax year. Put simply, Plaintiff challenges the accuracy of the assessment, but an assessment for the years 1998, 2008 and 2010 nonetheless remains outstanding. It is the amount assessed as unpaid, not the amounted claimed by the litigant to be the correct assessment, that is pertinent for determining whether there is full payment for purposes of 28 U.S.C. § 1346(a)(1). As such, the Court lacks jurisdiction to hear Plaintiff's refund claim.

**B. Plaintiff Has Failed to State a Claim for Wrongful Disclosure**

In count III, Plaintiff avers that the IRS improperly disclosed Ms. Komlo's tax return information to Plaintiff's employer in violation of 26 U.S.C. § 6103.[4] That statute provides:

> Returns and return information shall be confidential, and except as authorized by this title . . . no officer or employee of the United States . . . shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise under the provisions of this section.

26 U.S.C. § 6103(a) (2013).

Section 6103 enumerates a list of exceptions to the rule of confidentiality. The relevant section for purposes of this case is § 6103(k)(6), which provides:

> An internal revenue officer or employee and an officer or employee of the Office of Treasure Inspector General for Tax Administration may, in connection with his official duties relating to any audit, collection activity, or

---

[4] 26 U.S.C. § 7431 creates a private right of action for violations of § 6103:

> Inspection or disclosure by employee of the United States. If any officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

>   civil or criminal tax investigation or any other offense under the internal revenue laws, disclose return information to the extent that such disclosure is necessary in obtaining information, which is not otherwise reasonably available, with respect to the correct determination of tax, liability for tax, or the amount to be collected or with respect to the enforcement of any other provision of this title. Such disclosures shall be made only in such situations and under such conditions as the Secretary may prescribe by regulation.

26 U.S.C. § 6103(k)(6) (2013).

The Treasury Regulations, in turn, provide:

>   Pursuant to the provisions of section 6103(k)(6) and subject to the conditions of this section, an internal revenue employee or an Office of Treasury Inspector General for Tax Administration (TIFTA) employee, in connection with official duties relating to any . . . collection activity . . . [or] . . . enforcement activity . . . may disclose return information, of any taxpayer, to the extent necessary to obtain information relating to such official duties or to accomplish properly any activity connected with such official duties, including, but not limited to . . . [e]stablishing or verifying the financial status or condition and location of the taxpayer against whom collection activity is or may be directed, to locate assets in which the taxpayer has an interest, to ascertain the amount of any liability described in paragraph (a)(1)(iii) of this section for collection, *or otherwise to apply the provisions of the Internal Revenue Code relating to establishment of liens against such assets, or levy, seizure, or sale on or of the assets to satisfy any such liability.*

Treas. Reg. § 301.6103(k)(6)-1(a)(vi) (2015) (emphasis added).

Here, Plaintiff alleges that the government violated § 6103 by disclosing to Dr. Mark Solomon, Plaintiff's employer, that Plaintiff was delinquent in her taxes. The complaint is clear that the disclosure was made in the process of levying against Plaintiff's wages in her employment with Dr. Solomon. Therefore, the disclosure was made "in connection with [IRS] official duties relating to . . . collection activity" pursuant to 26 U.S.C. § 6103(k)(6) and, more specifically, "to [the] establishment of . . . [a] levy . . . to satisfy any such liability" under Treasury Regulation § 301.6103(k)(6)-1(a)(vi).

Plaintiff nonetheless argues once again that her taxes are fully paid. It follows logically, she argues, that Treasury Regulation § 301.6103(k)(6)-1(a)(vi) does not apply

5

because there cannot be a levy when there is no tax assessment. In response, the Government directs the Court's attention to *Venen v. U.S.*, 38 F.3d 100 (3d Cir. 1994). In that case, the Third Circuit stated, "[w]e join those cases that decline to consider the validity of the underlying levy in deciding whether the IRS has disclosed in violation of section 6103." 38 F.3d at 105. In so finding, the court explained:

> These two bodies of law must remain distinct. Section 6103 and its attendant damages provision, section 7431, were meant to regulate only one sphere of activity – information handling – and were not intended to interfere with . . . collection actions. Thus the propriety of the underlying collection action, in this instance the validity of the levy, is irrelevant to whether disclosure is authorized under section 6103 and the basis for liability under section 7431.
>
> The history and structure of the Tax Code's damages scheme compels this result. Congress reacted to concerns about violations of privacy in the Tax Reform Act of 1976 by protecting return information and creating a damages remedy for unauthorized disclosures that are the result of knowing or negligent conduct. Congress addressed concerns about improper collection actions in 1988, when it enacted section 7433. The legislative history of that provision sheds light on the scope of section 7431. The House Report states that, under current law in 1988, taxpayers did not have a specific right to bring an action against the Government for damages sustained due to unreasonable actions taken by an IRS employee. That statement suggests that section 7431, by its incorporation of section 6103, did not reach the conduct remedied by section 7433 – improper collection actions.

*Id.* at 106.

In sum, it is irrelevant whether the assessment and resulting levy is improper. The fact of the matter is that the Complaint demonstrates that the disclosure to Ms. Komlo's employer was made in the process of levying against Plaintiff's wages. Therefore, Plaintiff has failed to state a claim for which relief can be granted.

## **CONCLUSION**

In light of the foregoing, this Court lacks jurisdiction to entertain Plaintiff's refund claim. The Court further concludes that Plaintiff has failed to state a wrongful disclosure claim for which relief can be granted. Furthermore, leave to amend would be futile. It is therefore **ORDERED** that Defendant's motion to dismiss, (Doc. No. 12), is **GRANTED**. Plaintiff's complaint is **DISMISSED WITH PREJUDICE**. All other motions are **DENIED AS MOOT**.

                                                BY THE COURT:

                                                */s/ C. Darnell Jones, II   J.*
                                                **C. DARNELL JONES, II   J.**